NOT FOR PUBLICATION                                                                         CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re HOPE SUSAN BARATT. | : |
| HOPE SUSAN BARATT, | : Civil Case No. 14-2933 (FSH) |
| Appellant, | : **OPINION & ORDER** |
| v. | : Date: August 11, 2014 |
| HUDSON CITY SAVINGS BANK, et al., | : |
| Appellees. | : |

## HOCHBERG, District Judge:

This matter comes before the Court upon Appellant Hope Susan Baratt's ("Appellant" or "Baratt") appeal from the United States Bankruptcy Court for the District of New Jersey's order vacating the automatic stay as to the real property at 880 Summit Avenue, Jersey City, New Jersey 07306 (Dkt. Nos. 1, 2). The Court decides the appeal without an oral hearing, pursuant to Federal Rule of Bankruptcy Procedure 8012 and Federal Rule of Civil Procedure 78(b), because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process.[1] For the following reasons, the Court affirms the ruling of the Bankruptcy Court.

---

[1] Appellant's opening brief was filed on May 5, 2014. By agreement of the parties, appellee filed its opposition brief on June 24, 2014. Appellant did not file a reply brief.

I.      BACKGROUND

On July 10, 2013, Baratt filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code with the Bankruptcy Court.

On September 11, 2013, Baratt substituted attorneys and filed a motion to convert her case to Chapter 13 from Chapter 7. On September 28, 2013, Appellee Hudson City Savings Bank ("Appellee" or "HCSB") filed a motion with the Bankruptcy Court seeking relief from the Bankruptcy Court's automatic stay provision so that it could foreclose on the property located at 880 Summit Avenue. On October 7, 2013, the Bankruptcy Court granted Baratt's motion to convert the matter to a Chapter 13 proceeding.

The Bankruptcy Court held a hearing on HCSB's motion for relief from the automatic stay on October 22, 2013. Baratt alleges that she agreed to "pay adequate protection to Appellee" in the amount of $4,779.00 per month. (Dkt. No. 1-2 at 7.)

On November 12, 2013, Baratt filed a Chapter 13 plan. Following objections from the Standing Chapter 13 Trustee, it was determined that Baratt's debt exceeded statutory limits, and she was advised to convert to Chapter 11 or the case would be dismissed. On December 13, 2013, Baratt filed a motion to convert her bankruptcy to Chapter 11. On January 6, 2014, the Bankruptcy Court granted her motion and converted the bankruptcy to Chapter 11.

On February 11, 2014, HCSB's motion for relief from the automatic stay was granted based on its representation that Baratt had no equity in the property and that the property was not necessary for Baratt's reorganization. On February 20, 2014, the Bankruptcy Court issued an amended order related to the real property at 880 Summit Avenue allowing HCSB to proceed in foreclosure proceedings.

This appeal followed.

## II.     JURISDICTION & STANDARD OF REVIEW

The Bankruptcy Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This Court has appellate jurisdiction over the final order of the bankruptcy court pursuant to 28 U.S.C. § 158(a). *In re Am. Classic Voyages Co.*, 405 F.3d 127, 130 (3d Cir. 2005); *In re Connors*, 497 F.3d 314, 318 (3d Cir. 2007) ("The District Court had jurisdiction, pursuant to 28 U.S.C. § 158(a), over Connors's appeal from the Bankruptcy Court's order lifting the automatic stay.").

This court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof."[2] *Am. Classic Voyages Co.*, 405 F.3d at 130. The Court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 172 (3d Cir. 1992).

"Pursuant to Rule 8013 of the Bankruptcy Code, this Court may 'affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" *Ryker v. Current*, 338 B.R. 642, 646 (D.N.J. 2006) (quoting Fed. R. Bankr. P. 8013), *aff'd sub nom. In re Ryker*, 2007 WL 2138590 (3d Cir. July 27, 2007).

## III.    DISCUSSION

Baratt argues that the Bankruptcy Court erred by granting HCSB relief from the bankruptcy automatic stay with respect to the property located at 880 Summit Avenue, Jersey City, New Jersey under 11 U.S.C. § 362(d)(2). Baratt raises two issues on appeal. First, Baratt argues that HCSB's claim that Baratt has no equity in the property is incorrect. Second, Baratt

---

[2] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been commited." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

argues that the property is essential for her reorganization because it is allegedly Baratt's principle residence.

11 U.S.C. § 362(d) governs the instances when a bankruptcy court may lift an automatic stay.  Section 362(d) states, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).  To receive relief under § 362(d)(2), it must be shown that the debtor does not have equity in the property and that the property is not necessary to an effective reorganization.  *Id.*  "The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value."  *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995).  If a creditor has shown that the debtor does not have equity in the property at issue, the debtor bears the burden of showing the property is necessary to an effective reorganization to avoid a lift of the automatic stay:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is "necessary to an effective reorganization." *See* § 362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be "a reasonable possibility of a successful reorganization within a reasonable time."

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-76 (1988) (emphasis in original).

Baratt argues that the Bankruptcy Court erred in finding that Baratt lacked any equity in the property at issue because it relied on the creditor's allegedly outdated appraisal of the property. According to Baratt, this appraisal did not take into account the renovations Baratt performed on the property, the condition of the inside of the property, or "other factors that would show a more accurate market value." (Dkt. No. 1-2 at 9.) Baratt also argues that a more recent appraisal shows that the property is worth more than twice the value shown in the creditor's appraisal. (*Id.*)

In response, HCSB argues that no matter which appraisal is used, Baratt lacks equity in the property. Here, the highest appraisal by the debtor or creditors is $755,000.00. The total liens against the property amount to negative equity in the amount of $130,585.89.[3]

In light of the value of the property, even under the higher appraisal, and the value of the outstanding liens, the Bankruptcy Court did not err in finding that Baratt lacks equity in the property at issue.

Next, Baratt claims the Bankruptcy Court erred when it determined that the property at issue was not necessary for an effective reorganization. Baratt argues that she owns two properties in Jersey City. One "investment property" located at 661 Jersey Avenue and one "primary residence" located at 880 Summit Avenue. (Dkt. No. 1-2 at 9.) Baratt contends that because she allegedly initiated her bankruptcy proceedings to prevent her creditors from

---

[3] There are two liens on the property. HCSB holds a first mortgage lien of $697,732.04 and Wells Fargo Bank, N.A. holds a second lien in the amount of $187,853.85 for a total of $885,585.89. (Dkt. No. 4 at 5.)

foreclosing on her primary residence, the property at 880 Summit Avenue is necessary for an effective reorganization.[4]  (Dkt. No. 1-2 at 10.)

Here, Baratt has not met her burden of showing that the property is necessary for an effective reorganization under Chapter 11.  Baratt has not provided any argument for why the property is necessary for an effective reorganization other than the bare fact that she purports to live there.  This is not enough to carry her burden in a Chapter 11 matter.  *See*, *e.g.*, *In re Gregory*, 39 B.R. 405, 410-11 (Bankr. M.D. Tenn. 1984) (finding that a home is only "necessary" in a Chapter 11 proceeding if the property is "not fungible with other living arrangements meeting the debtor's minimum living requirements"); *In re Leonard*, 151 B.R. 639, 645 (Bankr. N.D.N.Y. 1992) (same); *In re Sulzer*, 2 B.R. 630, 634 (Bankr. S.D.N.Y. 1980) (lifting a stay with respect to a residence during a Chapter 11 proceeding even when the residence was used for business part time).  Similarly, Baratt's motive for filing for Chapter 11 bankruptcy, *i.e.*, saving the property at issue from foreclosure, does not make the property "necessary" to an effective reorganization.  *Leonard*, 151 B.R. at 645.

This Court affirms the Bankruptcy Court for a separate and independent reason.  Baratt has not shown that the plan has a reasonable probability of success within a reasonable amount of time.  As of HCSB's opposition brief, Baratt had not submitted a plan for reorganization despite the fact Baratt initially filed her bankruptcy case in July 2013.  In order to meet her burden under § 362(d)(2), Baratt was required to show that there is "a reasonable possibility of a

---

[4] In support of this proposition, Baratt cites to two district court cases from the 1980s addressing § 362(d)(2) in Chapter 13 cases.  (*See* Dkt. No. 1-2 at 10 (citing *In re Garner*, 18 B.R. 369 (S.D.N.Y. 1982) and *Grundy Nat. Bank v. Stiltner*, 58 B.R. 593 (W.D. Va. 1986)).)  These cases are inapposite to Baratt's Chapter 11 proceeding.  As noted in *Garner*, "[t]he 'necessary to an effective reorganization' standard should take on an entirely different meaning given the rehabilitative purpose of Chapter 13." *In re Garner*, 18 B.R. at 371.

successful reorganization within a reasonable time." *Timbers*, 484 U.S. at 375-76; *see also In re Sparks*, 171 B.R. 860, 869 (Bankr. N.D. Ill. 1994). Baratt has failed to do so. The Court affirms the Bankruptcy Court for this separate and independent reason.

For the reasons stated above, the Bankruptcy Court did not err in lifting the automatic stay with respect to the 880 Summit Avenue property under § 362(d)(2).[5]

## IV.  CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 11th day of August, 2014,

**ORDERED** that the Bankruptcy Court is **AFFIRMED**; and it is further

**ORDERED** that, in light of the Court's affirmance of the Bankruptcy Court, Appellant's motion for a stay pending this Court's decision on the appeal (Dkt. No. 5) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of the Court is to **CLOSE** this case.

                                        **IT IS SO ORDERED.**

                                        **/s/ Faith S. Hochberg_____**
                                        **Hon. Faith S. Hochberg, U.S.D.J.**

---

[5] Baratt also argues that HCSB was adequately protected at the time of the motion for relief within the meaning of 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 361 and would not have suffered any harm to its secured claim. The Court notes that the Bankruptcy Court can lift a stay either under § 362(d)(1) *or* § 362(d)(2), and the analysis above shows that the Bankruptcy Court did not err in granting the requested relief under § 362(d)(2). Thus, the Court need not address Baratt's arguments under § 362(d)(1).